**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5239**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEANGELO LAVALE THORPE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:06-cr-00129-REP)

Submitted: October 22, 2007       Decided: November 8, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert H. Smallenberg, ROBERT H. SMALLENBERG, PC, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Michael S. Dry, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found DeAngelo Lavale Thorpe guilty of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2007), possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2000 & Supp. 2007) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(West 2000 & Supp. 2007). On appeal, he claims the district court erred by admitting evidence of prior convictions. He further claims the evidence was insufficient to support the convictions. Finding no error, we affirm.

Thorpe was the driver and sole occupant of a car in which law enforcement seized crack cocaine packaged for individual sale from the back seat area and a firearm and digital scales from the front seat area of the car. Thorpe denied knowing the drugs or the firearm were in the car.

A district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other acts is not admissible to prove bad character or criminal propensity, but such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b); Queen, 132 F.3d at 994-95. Rule 404(b) is an inclusive

rule, allowing evidence of other crimes or acts except those that tend to prove only criminal disposition.  Id. at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).  Evidence of prior acts is admissible under Rules 404(b) and Fed. R. Evid. 403, if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) the probative value of the evidence is not substantially outweighed by its prejudicial value.  Queen, 132 F.3d at 997.

We find the district court did not abuse its discretion admitting evidence of prior convictions.  The evidence was relevant to both knowledge and intent with respect to drug distribution and firearm possession.  We further find the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995).  Further, to the extent that the admission of the prior convictions unfairly prejudiced Thorpe by leading the jury to find he was guilty of the charged offenses merely because of his prior offenses, this prejudice was mitigated by the court's limiting instructions to the jury.  See Weeks v. Angelone, 528 U.S. 225, 234 (2000) (jurors are presumed to follow the court's instructions).

A defendant challenging the sufficiency of the evidence faces a heavy burden.  See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined

to cases where the prosecution's failure is clear." <u>United States v. Jones</u>, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942).

Thorpe challenges the sufficiency of the evidence for all three convictions. We find his arguments are without merit. There was more than enough evidence to support the jury's verdict.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>